Mitch Taebel T430659
Name and Prisoner/Booking Number
4th Ave Jail
Place of Confinement
201 S. 4th Avenue
Mailing Address
Phoenix, AZ 85003
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
┌─────────────────────────────┐
│ ✓  FILED        LODGED      │
│    RECEIVED     COPY        │
│                             │
│        NOV 2 6 2018         │
│                             │
│   CLERK U S DISTRICT COURT  │
│    DISTRICT OF ARIZONA      │
│ BY_____ DEPUTY  │
└─────────────────────────────┘
```

# IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

Mitch Taebel                     ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) The Maricopa County Attorneys Office
(Full Name of Defendant)

(2) William G. Montgomery,

(3) Aaron Harder              ,

(4) Maricopa County

5) Doug Ducey
                  Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:18CV02496PHX-JAT-ESW
(To be supplied by the Clerk)

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☒ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☒ Other: U.S. Constitution Art. III Sec. II & Art. VI Sec. II

2.  Institution/city where violation occurred: Phoenix, Tempe Arizona

## B.  DEFENDANTS

1.  Name of first Defendant: _William G. Montgomery_ The first Defendant is employed
as: _Maricopa County Attorney_ at _County Attorneys Office_
   (Position and Title)                        (Institution)

2.  Name of second Defendant: _Aaron Hauser_.  The second Defendant is employed as:
as: _Deputy County Attorney_ at _County Attorneys Office_.
   (Position and Title)                        (Institution)

3.  Name of third Defendant: _The Maricopa County Attorneys Office_ The third Defendant is employed
as: _301 West Jefferson 6th Fln_ at _Phoenix, AZ 85003_
   (Position and Title)                        (Institution)

4.  Name of fourth Defendant: _Maricopa County_ The fourth Defendant is employed
as: _____ at _____
   (Position and Title)                        (Institution)

_5) Doug Ducey, Governor_

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?   ☒ Yes    ☐ No

2.  If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.  First prior lawsuit: _Mitch Tacbel_     v. _Department of Public Safety_
       1.  Parties:
       2.  Court and case number: _Arizona  CV2018-011980_
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
           _Pending_

   b.  Second prior lawsuit: _Mitch Tacbel_     v. _Jane McLaughlin_
       1.  Parties:
       2.  Court and case number: _AZ  CV2018-011152_
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
           _Pending_

   c.  Third prior lawsuit: _Mitch Tacbel_     v. _Alfonso Castillo_
       1.  Parties:
       2.  Court and case number: _AZ  CV2018-017991_
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
           _Pending_

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: *Mental Anguish;!*
*False Imprisonment; by Excessive Bail*

2.  **Count I.  Identify the issue involved.  Check only one.  State additional issues in separate counts.**

  ☒ Basic necessities      ☒ Mail      ☒ Access to the court      ☒ Medical care

  ☒ Disciplinary proceedings      ☒ Property      ☐ Exercise of religion      ☒ Retaliation

  ☒ Excessive force by an officer      ☒ Threat to safety      ☒ Other: *No Due Process of Law*

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

*Plaintiff is currently being detained without Bail or Due Process of Law in violation of the Speedy Trial Act 18USC Sec 31d and the Fifth, Sixth, Eighth and Fourteenth Amendments, Plaintiffs Constitutional Rights are in violation by the State of Arizona who is in Violation of the laws of the United States (See Mutual Pharmaceutical Co, Inc. V. Bartlett (U.S. Sup Ct. (2013)) and is therefore in the Jurisdiction of the United States Courts. Plaintiff is detained illegally regardless of evidence and has experienced substantial injury in addition to the Violations of Plaintiff Constitutional Rights by defamation, libel and slander, aiding a one sided Media Coverage which will undoubtedly have significant effects on Plaintiff Career as an Actor, Filmmaker, entrepreneur, Artist, Innovator, ect.*

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
*In addition to injury by violations of Law Plaintiff has experiences tremendous emotional Distress and Mental Anguish by unhealthy and unsafe Living Conditions.*

5.  **Administrative Remedies:**

  a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☒ No

  b.  Did you submit a request for administrative relief on Count I?   ☒ Yes   ☐ No

  c.  Did you appeal your request for relief on Count I to the highest level?   ☒ Yes   ☐ No

  d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. *Motions and Letters have been written to the Court and to presiding Judge Sam Myers*

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: *Malicious and Unlawful Prosecution*

2.  **Count II.** Identify the issue involved.   Check **only one.**   State additional issues in separate counts.

☒ Basic necessities         ☒ Mail              ☒ Access to the court       ☐ Medical care
☒ Disciplinary proceedings  ☒ Property          ☐ Exercise of religion      ☐ Retaliation
☒ Excessive force by an officer  ☒ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff was unlawfully arrested without a warrant for even probable cause (See Illinois V. Gates 462 U.S. 213 Sup.Ct. 1983). Plaintiff called 911 reported the officer was attempting to make an unlawful stop without a traffic violation, and was invoking his right to resist unlawful arrest. See John Bad Elk V. U.S. 177 USA 599 Sup.Ct. and Plummer n State, 135 Ind. 308 (1893). Plaintiff has a legal website with many of these rulings available and visible. There are a totality of the circumstances which are too extensive to list however Plaintiff had filed a $billion lawsuit for police harassment and false arrest the day of this kidnapping; No. 1:18CV 00192-TWP-MJD In the Indianapolis US District Court and a constitutional challenge against prohibition of cannabis the day before (See No. 3:18CV14 filed Jan. 23rd 2018 in the Northern District of Indiana; see Exhibit E) 300 pgs documentation. Two days before, Plaintiff sent two emails to thousands of contacts with filed lawsuit Attached.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

RE:18 USC §241 & 242, Plaintiff was likely under unlawful surveillance at the time of this arrest by cell phone GPS tracking ect which the Supreme Court had not yet ruled.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                ☒ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?          ☒ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☒ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _Fraud by the Maricopa County Attorneys Office_

2. **Count III.** Identify the issue involved. **Check only one.** State additional issues in separate counts.

☒ Basic necessities    ☒ Mail    ☒ Access to the court    ☐ Medical care
☒ Disciplinary proceedings    ☒ Property    ☐ Exercise of religion    ☒ Retaliation
☒ Excessive force by an officer    ☒ Threat to safety    ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Additionally a $500 Million suit had been filed in the PHX District Court (2:18CV00046.GMS) See (Exhibit E) Police harassment is in the Declaration of Independence; "sent Hither swarms of Officers to harass our people" as is "Mock-trials" and charging People for "pretend offenses" The police in this case did not have Probable cause or exigent circumstances because plaintiff called the Mayor 911 and the Media; Identifying himself and as an opposing Informant to the single officer who falsely alledged two traffic violations on a Paral (one) at 10 Am in the Morning; see Police Reports (Exhibit E) Pgs 1-2 and 21-22, the AZ Deputies should have sought a warrant after Plaintiff made an official complaint on a recorded line from a phone in his name in a vehicle registered in his name with valid plates and insurance. AZ also has an invalid statute which prohibits self defense...

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). when resisting unlawful arrest however plaintiff did not use self defence and only resisted an unlawful arrest without probable cause, (Continued Add.) To Attach.

5. **Administrative Remedies.**

    a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☒ Yes    ☐ No

    b. Did you submit a request for administrative relief on Count III?    ☒ Yes    ☐ No

    c. Did you appeal your request for relief on Count III to the highest level?    ☒ Yes    ☐ No

    d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. I have filed thirteen Lawsuits in AZ See Attached (Exhibit G).

If you assert more than three Counts, answer the questions listed above for **each additional Count on a separate page.**

5

The officers which arrested Plaintiff where not the officers who alleged a traffic violation and claimed to have witnessed a traffic violation and an unlawful failure to stop, they were basing their presumption of probable cause on a single informants Radio transmition in which plaintiff already provided possible motive for harassment or false arrest through the lawsuits which were mentioned to the 911 operator and to the detective post arrest (PG 21-22 "General Report"). Which reminds me, Neither the 911 operator or the Dedective who called plaintiffs phone were able to give plaintiff a lawful reason for the stop. The County Attorney's Office has an obligation to the United States Constitution and to the law however his office is completely out of jurisdiction in this case. To uphold the law would be to drop the charges immedietely and to recommend release or to bring charges against those responsible for the false arrest and unlawful detainment. The police reports

6

are facially insufficient and
the video is exculpatory showing
police falsified statements in
perjury attempting to establish
probable cause on paper which
they did not. The video shows
plaintiffs was struck by a
police car prior to the accident
which cannot be charged for
assault because there is no
"intent" for assault Blacks Law
Dictionary and In re winship, 397
U.S. 358 Sup. ct. (1970). Furthermore
the accident was the result of
neglegence and false arrest on
part of the police; See U.S. v.
Russell, 411 U.S. 423 (1973) regarding
Entrapment Law where Mr. Justice
Roberts concerred but was
of the view that Courts must be
closed to trial of a crime instigated
by the governments own agent." See
Also Sorrells v. United States, 287 U.S.
435 S. Ct. and Sherman v. United
States, 356 U.S. 369 S. Ct. The
Sherman-Sorrells Doctrine Can also
be found in the latest version
of Blacks Law Dictionary the

7

Pocket Edition. The County Attorney is taking the place of someone who represents the law and enforcement thereof however his office has been an accomplice to a capitol offense of false Imprisonment, aiding the wrong doers and prosecuting the victim.

"The first inquiry in any Section 1983 action must be 'whether the plaintiff has been deprived of a right 'secured by the Constitution and 'laws' of the United States'" Martinez v. California, 444 U.S. 289 S. Ct.; citing Baker v. McCollan, 443 U.S. 137 S. Ct. (1979). See Dodds v. Richardson, 614 F.3d 1185 (2010) where the court denied the Sheriff's defense (requesting qualified Immunity, a supervisor who was sued in his individual capacity for Violating Plaintiffs 14th and 8th Amendment protected liberty" interest in posting bail.

"The doctrine of qualified Immunity protects government officials from liability for civil damages

8

insofar as their conduct, does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'" Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. (2009); quoting Harlow v. Fitzgerald, 457, U.S. 800 S.Ct. (1982). Plaintiff notified the State of Arizona that his bail was clearly excessive, which they certainly should have known, In a number of ways 1) through letters to court posted on the Docket History 2) through counsel & 3) through civil actions filed many months ago see (Exhibit F; Docket History). Attached Hereto (Exhibit G).

## Certificate of Service

Counsel for Defendants        U.S. District Court
Christine B. Stutz,           401 W. Washington Sec-1
Maxine S. Mak                 Phoenix, AZ 85003
222 W. Central Ave
Phoenix, AZ 85004

                              Mitch Tarbox #430659
Dated: Nov. 17th              3250 W. L. Buckeye Rd
of year 2018.                 Phoenix, AZ 85009

9

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

*A Preveytative Injunction against a Malicious Unlawful Prosecution*

*+*

*$250 Billion U.S.D. For Compensatory, Pecuniary and Punative Damages.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/17/18
                        DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

PG 10

1    • Count 2: (13-1201A) Endangerment, a Class 6 Felony Dangerous; and

2    • Count 3: (28-622.01) Unlawful Flight from Law Enforcement Vehicle, a

3        Class 5 Felony.

4    Taebel has since been committed to the Maricopa County Correctional Health Services

5    Restorative Program, pursuant to the Court's Order of August 13, 2018[2].

6        Since his arrest, he has filed a number of suits in Maricopa County Superior Court

7    naming the State of Arizona, its agencies, and employees as defendants.[3]  These lawsuits

8    are:

9    1.   **CV2018-005688** (v. Greg Stanton, removed to Federal Court);

10   2.   **CV2018-005993** (v. Mark Brnovich, currently under appeal by Plaintiff);

11   3.   **CV2018-008672** (v. Commission on Judicial Conduct, The State Bar, and

12        State of Arizona; erroneously identified in docket as "Mitch Taebel");

13   4.   **CV2018-009066** (v. State of Arizona, Doug Ducey, Scott Bales; Complaint

14        dismissed, Plaintiff's Motion for Reconsideration currently pending);

15   5.   **CV2018-010031** (v. Sam Myers, Criminal Presiding Judge);

16   6.   **CV2018-010410** (v. "Attorney General"; Complaint dismissed on 9/26/18);

17   7.   **CV2018-011152** (v. Commissioner Jane McLaughlin);

18   8.   **CV2018-011849** (v. Gilberto Federico);

19   9.   **CV2018-011855** (v. Commissioner Richard Nothwehr);

20   10.  **CV2018-011979** (v. "Attorney General," Steve Yarbrough, J.D. Mesnard);

21   11.  **CV2018-011980** (v. Department of Public Safety);

22   12.  **CV2018-012962** (v. Commissioner Wendy Morton); and

23   13.  **CV2018-012991** (v. Alfonso Castillo);

24   And, while not immediately pertinent to the determination of the instant motion, Taebel

25   has filed an additional eleven suits since his arrest in District Court. *See* Westlaw Docket,

26   attached hereto as Exhibit 1.

27   _____

[2] *Id.*

28   [3] Undersigned counsel represents Defendants in suit nos. 2, 3 and 5-12.

2

# MARICOPA COUNTY SHERIFF'S OFFICE
Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

Mitch Taebel
vs.
The State of Arizona

| STATE OF ARIZONA | ) | | CV2018-009066 |
|---|---|---|---|
| | ) ss. | | |
| County of Maricopa | ) | | 18005186 |

I hereby certify that I received the within documents on the **19th** day of **June A.D. 2018** at the hour of **11:39 AM**, and served the same on the **22nd** day of **June A.D. 2018** on **Doug Ducey** being said defendant(s) named in said documents, by delivering to **Foster, General Counsel**, who is authorized to accept service, at **1700 W Washington Street, Phoenix, AZ 85007**, at **11:32 AM**, in the County of Maricopa, a copy of said **Summons, Complaint, Certificate Of Compulsory Arbitration.**

**Dated this 22nd day of June A.D. 2018.**

| Service | $16.00 |
|---|---|
| Service | $16.00 |
| Mileage | $16.00 |
| Mileage | $16.00 |
| Total | $64.00 |

PAUL PENZONE
Maricopa County Sheriff

By _____
Deputy J. Newman #S1277

A9195

Dodds v. Richardson, 614 F.3d 1185 (2010)

*No Bail*
*No Immunity*

614 F.3d 1185
United States Court of Appeals,
Tenth Circuit.

Thomas Carl DODDS, Jr., Plaintiff–Appellee,
v.
Randy RICHARDSON, Sheriff, individually,
Defendant–Appellant,
Logan County Sheriff's Department; David Landman,
Deputy, official capacity, John Doe, Deputies 1–6
(arresting deputies and jailers), individually and in
their official capacities; Logan County Sheriff, sued as
"The Sheriff of Logan County in his Official Capacity,"
Defendants.

No. 09–6157.
|
Aug. 6, 2010.

**Synopsis**
**Background:** Arrestee filed § 1983 action against former
county sheriff, in his individual capacity, for alleged violation
of Fourteenth Amendment due process rights by depriving
arrestee of his protected liberty interest in posting bail. The
United States District Court for the Western District of
Oklahoma denied sheriff summary judgment as to qualified
immunity. Sheriff appealed.

**Holdings:** The Court of Appeals, Baldock, Circuit Judge, held
that:

[1] fact issue remained as to deprivation of arrestee's due
process right;

[2] fact issue remained as to sheriff's personal involvement
causing due process violation;

[3] fact issue remained as to sheriff's deliberate indifference to
arrestee's due process right; and

[4] fact issue remained as to deprivation of clearly established
due process right.

Affirmed.

Tymkovich, J., filed concurring opinion.

West Headnotes (36)

[1]     **Civil Rights**
        ⬥Good faith and reasonableness; knowledge
        and clarity of law; motive and intent, in general

        The doctrine of "qualified immunity" protects
        government officials from liability for civil
        damages in a § 1983 action insofar as the
        officials' conduct does not violate clearly

established statutory or constitutional rights of
which a reasonable person would have known.
42 U.S.C.A. § 1983.

21 Cases that cite this headnote

[2]     **Civil Rights**
        ⬥Government Agencies and Officers
        **Civil Rights**
        ⬥Good faith and reasonableness; knowledge
        and clarity of law; motive and intent, in general
        **Civil Rights**
        ⬥Defenses; immunity and good faith

        Once a defendant asserts qualified immunity
        from a § 1983 suit, the plaintiff bears the burden
        of satisfying a strict two-part test by establishing
        (1) that the defendant violated a constitutional or
        statutory right, and (2) that this right was clearly
        established at the time of the defendant's
        conduct. 42 U.S.C.A. § 1983.

29 Cases that cite this headnote

[3]     **Federal Courts**
        ⬥As to immunity
        **Federal Courts**
        ⬥Summary judgment

        Court of Appeals possesses interlocutory
        jurisdiction over denials of qualified immunity
        at the summary judgment stage to the extent that
        they turn on an issue of law; therefore, the court
        usually only examines the facts presented on
        summary judgment in the light most favorable to
        the plaintiff, to determine whether they amount
        to a violation of a clearly-established right.

5 Cases that cite this headnote

[4]     **Federal Courts**
        ⬥As to immunity
        **Federal Courts**
        ⬥Immunity

        Generally, Court of Appeals may not review a
        district court's factual conclusions, such as the
        existence of a genuine issue of material fact for
        a jury to decide, or that a plaintiff's evidence is
        sufficient to support a particular factual
        inference, and within this limited jurisdiction,
        the Court of Appeals reviews de novo the
        district court's denial of a summary judgment
        motion asserting qualified immunity.

Dodds v. Richardson, 614 F.3d 1185 (2010)

6 Cases that cite this headnote

[5] **Constitutional Law**
⇐Release

The right of an accused to freedom pending trial is inherent in the concept of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. U.S.C.A. Const.Amend. 14.

6 Cases that cite this headnote

[6] **Constitutional Law**
⇐Bail

The denial of bail must comport with the requirements of due process. U.S.C.A. Const.Amend. 14.

2 Cases that cite this headnote

[7] **Constitutional Law**
⇐Bail

To avoid depriving an arrestee of due process, the government may only interfere with the arrestee's protected liberty interest in posting bail, if the government's actions in refusing to accept lawfully set bail from the arrestee and detaining him until some later time reasonably relate to a legitimate goal; otherwise, the detention of such an arrestee would constitute punishment prior to trial, in violation of due process. U.S.C.A. Const.Amend. 14.

2 Cases that cite this headnote

[8] **Constitutional Law**
⇐Bail

Plaintiff's liberty interest, under the Due Process Clause, in being freed from pretrial detention once his bail has been set may not be denied just because an official says it has been his practice to do so for a long time and the practice of his predecessors for an even longer time. U.S.C.A. Const.Amend. 14.

3 Cases that cite this headnote

[9] **Federal Civil Procedure**
⇐Civil rights cases in general

Genuine issue of material fact remained as to whether arrestee's due process rights were violated by deprivation of his protected liberty interest in posting preset bail during his detention in county jail, thus precluding summary judgment as to county sheriff's qualified immunity from arrestee's civil rights action. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

Cases that cite this headnote

[10] **Civil Rights**
⇐Color of Law

A § 1983 plaintiff must show that the alleged deprivation of constitutional rights was committed by a person acting under color of state law. 42 U.S.C.A. § 1983.

29 Cases that cite this headnote

[11] **Civil Rights**
⇐Rights Protected

To recover under § 1983, a plaintiff must establish the violation of a right secured by the Constitution and laws of the United States. 42 U.S.C.A. § 1983.

20 Cases that cite this headnote

[12] **Civil Rights**
⇐Nature and elements of civil actions
**Civil Rights**
⇐Government Agencies and Officers

Because a plaintiff can neither recover, under § 1983, from a government official nor overcome the official's assertion of qualified immunity without demonstrating that official violated his constitutional or statutory rights, the legal analysis required to surmount these separate obstacles is often related, if not identical. 42 U.S.C.A. § 1983.

9 Cases that cite this headnote

[13] **Civil Rights**
⇐Good faith and reasonableness; knowledge and clarity of law; motive and intent, in general

In conducting qualified immunity analysis for a § 1983 action, federal courts do not merely ask whether, taking the plaintiff's allegations as

Gobel v. Maricopa County, 867 F.2d 1201 (1989)

*Prosecutor Liable*

KeyCite Red Flag - Severe Negative Treatment
Abrogation Recognized by Burgess v. Carmichael, 9th Cir.(Cal.), June 7, 2002

867 F.2d 1201
United States Court of Appeals,
Ninth Circuit.

Earl Edwin GOBEL and Michael J. DeFranco,
Plaintiffs–Appellants,
v.
MARICOPA COUNTY, Thomas E. Collins, David
P. Stoller, and Frank Gary, Defendants–Appellees.

No. 87–2351.
|
Argued and Submitted Nov. 18, 1988.
|
Decided Feb. 9, 1989.

## Synopsis

Arrestees filed civil rights action against county attorneys, investigator, and county, arising out of false arrests, making false statements to the media, and subjecting the arrestees to illegal conditions of confinement. The United States District Court for the District of Arizona, Robert C. Broomfield, J., dismissed. Arrestees appealed. The Court of Appeals, Pregerson, Circuit Judge, held that: (1) the arrestees adequately alleged that prosecutors acted in a nonprosecutorial, investigatory role in deciding what bad check offenders to prosecute; (2) the county attorneys were not entitled to absolute immunity with respect to allegedly false statements made to the media; (3) the county attorneys were not entitled to absolute immunity with respect to postarrest conditions of confinement; and (4) the arrestees stated at least two viable theories against the county, based on the county attorney's alleged status as municipal policymaker and based on the county's failure to provide adequate training.

Judgment reversed and case remanded.

## Attorneys and Law Firms

**\*1202** Richard M. Gerry, Richard M. Gerry, P.C., Phoenix, Ariz., for plaintiffs-appellants.

Roger A. Burrell, former Deputy County Atty., and Cleon M. Duke, Deputy County Atty., Maricopa County Attorneys Office, Phoenix, Ariz., for defendants-appellees.

Appeal from the United States District Court for the District of Arizona.

Before PREGERSON, CANBY and BEEZER, Circuit Judges.

## Opinion

PREGERSON, Circuit Judge:

Earl Edwin Gobel and Michael J. DeFranco appeal the district court's dismissal of their 42 U.S.C. § 1983 action for failure to state a claim. Gobel and DeFranco alleged in their civil rights complaint that Maricopa County, two county attorneys, and an investigator violated their constitutional rights by arresting them without probable cause due to mistaken identifications, issuing false statements to the news media, and subjecting them to illegal conditions of confinement.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the judgment and remand for further proceedings.

## BACKGROUND

Gobel and DeFranco were each arrested on August 24, 1985, and charged with issuing bad checks in violation of Ariz.Rev.Stat. § 13–1807.[1] Both men were wrongly arrested as a result of mistaken identifications,[2] and the charges against both men were subsequently dropped.

On May 14, 1986, Gobel and DeFranco filed a civil rights action against Maricopa County, County Attorney Thomas Collins, Assistant County Attorney David Stoller, and investigator Frank Gary. Their amended complaint alleged that Collins ordered a public roundup of bad check offenders in order to enhance his public image and political career, and that, pursuant to this effort, the individual defendants caused criminal complaints and arrest warrants to be filed that resulted in Gobel and DeFranco's arrests without probable cause.[3] The complaint asserted that the defendants violated Gobel and DeFranco's constitutional rights by (1) having them arrested without probable cause, (2) issuing false statements to the news media, and (3) subjecting them to illegal conditions of post-arrest confinement.[4] The complaint sought damages and equitable relief in the form of a public apology.

Gobel v. Maricopa County, 867 F.2d 1201 (1989)

The district court granted a Fed.R.Civ.P. 12(b)(6) dismissal as to Collins, Stoller, and Gary on the ground of absolute prosecutorial immunity. The district court also granted Maricopa County's dismissal motion *1203 on the ground that the complaint failed to state a claim against the municipality. The court dismissed the action, and Gobel and DeFranco timely appeal.

DISCUSSION

We review de novo a district court's dismissal of an action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Mir v. Little Company of Mary Hospital*, 844 F.2d 646, 649 (9th Cir.1988). A Rule 12(b)(6) dismissal motion "can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980). We liberally construe civil rights complaints. *Thomas v. Younglove*, 545 F.2d 1171, 1172 (9th Cir.1976).

I

Prosecutors

Gobel and DeFranco contend the district court erred in determining that county attorneys Collins and Stoller, and investigator Gary (hereafter collectively referred to as "the prosecutors") are protected by absolute prosecutorial immunity. Specifically, they contend that the prosecutors were not acting in their quasi-judicial capacities when they engaged in the allegedly wrongful conduct.[5] This contention is meritorious.

[1] Prosecutors are generally immune from civil damages under section 1983 for actions taken in their official capacities. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 994–96, 47 L.Ed.2d 128 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir.1986) (en banc).[6] A prosecutor enjoys absolute immunity when he acts within the scope of his authority and in a quasi-judicial capacity. *Ashelman*, 793 F.2d at 1075; *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir.1984).[7] Quasi-judicial activities are those which are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430, 96 S.Ct. at 995. "The focus of the [immunity] analysis ... is on the nature or function of the prosecutor's activity," and

absolute immunity is warranted when the prosecutor acts as an advocate in initiating a prosecution and presenting the state's case. *Ybarra*, 723 F.2d at 678 (quoting *Imbler*, 424 U.S. at 430–31, 96 S.Ct. at 994–95). While a prosecutor's preparation for the initiation of the criminal process may require obtaining, reviewing, and evaluating evidence, at some point the prosecutor stops functioning as an officer of the court and loses the protection of absolute immunity. *See Imbler*, 424 U.S. at 431 n. 33, 96 S.Ct. at 995 n. 33.[8]

*1204 A. False Arrest

[2] The complaint alleged that, due to an inadequate pre-arrest investigation, the prosecutors failed to ascertain the correct identity of the persons meant to be arrested, and thereby caused Gobel and DeFranco to be arrested without probable cause. An arrest without probable cause violates the fourth amendment and gives rise to a claim for damages under section 1983. *McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir.1984).

"[A]bsolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case, even if they can be characterized as 'investigative' or 'administrative.' " *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir.1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985). *See also Freeman ex rel. the Sanctuary v. Hittle*, 708 F.2d 442, 443 (9th Cir.1983) ("investigative functions carried out pursuant to the preparation of a prosecutor's case ... enjoy absolute immunity."). However, where a prosecutor commits acts that are usually related to routine police activity, as opposed to judicial activity, absolute immunity does not apply. *See Jacobson v. Rose*, 592 F.2d 515, 524 (9th Cir.1978) (prosecutors, who joined police in implementing a wiretap to uncover information about a possible kidnapping, were not entitled to absolute immunity), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979); *Robichaud v. Ronan*, 351 F.2d 533, 536–37 (9th Cir.1965) (prosecutors who allegedly directed police to coerce confession from suspect not entitled to absolute immunity because interrogation is ordinarily a police activity).

Numerous courts have held that prosecutors are not entitled to absolute immunity when they take part in the preliminary gathering of evidence that may ripen into a potential prosecution. *See Barbera v. Smith*, 836 F.2d 96, 100 (2d Cir.1987) (prosecutor not entitled to absolute immunity when acquiring evidence that might be used in

U.S. v. Russell, 411 U.S. 423 (1973)
─────────────────────────────────────
93 S.Ct. 1637, 36 L.Ed.2d 366

KeyCite Yellow Flag - Negative Treatment
Not Followed as Dicta U.S. v. Westmoreland, 7th Cir.(Ill.), March
25, 2013

93 S.Ct. 1637
Supreme Court of the United States

UNITED STATES, Petitioner,
v.
Richard RUSSELL.

No. 71—1585.
|
Argued Feb. 27, 1973.
|
Decided April 24, 1973.

Defendant was convicted in the United States District
Court for the Western District of Washington, William N.
Goodwin, J., on narcotics charges, and he appealed. The
Court of Appeals, Ely, Circuit Judge, 459 F.2d 671,
reversed, and certiorari was granted. The Supreme Court,
Mr. Justice Rehnquist, J., held that where undercover
narcotics agent who was investigating defendant and his
confederates for illicitly manufacturing a drug offered
them essential ingredient which, although difficult to
obtain, was legal to possess and was obtainable, and
where criminal enterprise of unlawfully manufacturing
and processing the drug was already in process, agent's
contribution of the ingredient to such criminal enterprise
did not violate fundamental fairness shocking to universal
sense of justice, mandated by due process clause of the
Fifth Amendment.

Reversed.

Mr. Justice Douglas dissented and filed opinion in which
Mr. Justice Brennan joined.

Mr. Justice Stewart dissented and filed opinion in which
Mr. Justice Brennan and Mr. Justice Marshall joined.

On remand, affirmed, 479 F.2d 1046.

West Headnotes (4)

[1]     **Constitutional Law**
        ⟨⟩═Investigative activity in general
        **Criminal Law**

⟨⟩═Official Action, Inaction, Representation,
Misconduct, or Bad Faith

Where undercover narcotics agent who was
investigating defendant and his confederates for
illicitly manufacturing a drug offered them
essential ingredient which, although difficult to
obtain, was legal to possess and was obtainable,
and where criminal enterprise of unlawfully
manufacturing and processing the drug was
already in process, agent's contribution of the
ingredient to such criminal enterprise did not
violate fundamental fairness, shocking to
universal sense of justice, mandated by due
process clause of the Fifth Amendment.
U.S.C.A.Const. Amend. 5; Federal Food, Drug,
and Cosmetic Act, §§ 301(q)(1, 2), 511(a, b), 79
Stat. 227, 232.

820 Cases that cite this headnote

[2]     **Criminal Law**
        ⟨⟩═Narcotics and drugs

Infiltration of drug rings by an undercover
narcotics agent and limited participation in
unlawful present practices of such rings is a
recognized and permissible means of
apprehension, and thus agent's supplying of
some item of value which the drug ring requires
does not violate fundamental fairness and is not
shocking to universal sense of justice.
U.S.C.A.Const. Amend. 5.

636 Cases that cite this headnote

[3]     **Criminal Law**
        ⟨⟩═Originating intent; furnishing opportunity or
        facilities

Neither fact of deceit nor fact that government
officers or employees afford opportunities or
facilities for commission of offense will defeat a
prosecution; rather, it is only when
Government's deception actually implants
criminal design in mind of defendant that

defense of entrapment comes into play.

513 Cases that cite this headnote

[4]     Criminal Law
        �findNarcotics and drugs

Defendant who was active participant in illegal drug manufacturing enterprise which began before government agent appeared on the scene and which continued after government agent had left the scene and who admitted he might have harbored predisposition to commit charged offenses was not an "unwary innocent" but was rather an "unwary criminal" and was not entitled to entrapment defense, in prosecution for unlawfully manufacturing and processing methamphetamine and unlawfully selling and delivering the drug, on basis that the agent offered defendant and his confederates an essential ingredient which was difficult to obtain. Federal Food, Drug, and Cosmetic Act, §§ 301(q)(1, 2), 511(a, b), 79 Stat. 227, 232.

899 Cases that cite this headnote

**1638 *423 Syllabus*

An undercover narcotics agent investigating respondent and his confederates for illicitly manufacturing a drug, offered them an essential ingredient which was difficult to obtain, though legally available. After the agent had observed the process and contributed the ingredient in return for a share of the finished product, respondent was found guilty by a jury which had been given the standard entrapment instruction. The Court of Appeals reversed, concluding that there had been 'an intolerable degree of governmental participation in the criminal enterprise.' Held: The entrapment defense, which, as explicated **1639 in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, prohibits law enforcement officers from instigating criminal acts by otherwise innocent persons in order to lure them to commit crimes and punish them, did not bar the conviction of respondent in view of the evidence of respondent's involvement in making the drug before and

after the agent's visits, and respondent's concession 'that he may have harbored a predisposition to commit the charged offenses.' Nor was the agent's infiltration of the drugmaking operation of such a nature as to violate fundamental principles of due process. Pp. 1641—1645.

459 F.2d 671, reversed.

**Attorneys and Law Firms**

Philip A. Lacovara, Washington, D.C., for petitioner.

*424 Thomas H. S. Brucker, Seattle, Wash., for respondent.

**Opinion**

Mr. Justice REHNQUIST delivered the opinion of the Court.

Respondent Richard Russell was charged in three counts of a five-count indictment returned against him and codefendants John and Patrick Connolly.[1] After a jury trial in the District Court, in which his sole defense was entrapment, respondent was convicted on all three counts of having unlawfully manufactured and processed methamphetamine ('speed') and of having unlawfully sold and delivered that drug in violation of 21 U.S.C. ss 331(q)(1), (2), 360a(a), (b) (1964 ed., Supp. V). He was sentenced to concurrent terms of two years in prison for each offense, the terms to be suspended on the condition that he spend six months in prison and be placed on probation for the following three years. On appeal, the United States Court of Appeals for the Ninth Circuit, one judge dissenting reversed the conviction solely for the reason that an undercover agent supplied an essential chemical for manufacturing the methamphetamine which formed the basis of respondent's conviction. The court concluded that as a matter of law 'a defense to a criminal charge may be founded upon an intolerable degree of governmental participation in the criminal enterprise.' 459 F.2d 671, 673 (1972). We granted *425 certiorari, 409 U.S. 911, 93 S.Ct. 226, 34 L.Ed.2d 172 (1972), and now reverse that judgment.

There is little dispute concerning the essential facts in this case. On December 7, 1969, Joe Shapiro, an undercover agent for the Federal Bureau of Narcotics and Dangerous Drugs, went to respondent's home on Whidbey Island in the State of Washington where he met with respondent and his two codefendants, John and Patrick Connolly. Shapiro's assignment was to locate a laboratory where it was believed that methamphetamine was being

Westlaw.

91-S.Ct. 1031
401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306, 58 O.O.2d 434
(Cite as: 401 U.S. 560, 91 S.Ct. 1031)

*[handwritten] p c. police bulletin Page 1 Similar discription by informer from one*

Supreme Court of the United States
Harold WHITELEY
v.
WARDEN, WYOMING STATE PENITENTIARY.

No. 136.
Argued Jan. 13, 1971.
Decided March 29, 1971.

Habeas corpus proceeding brought by state prisoner. The United States District Court for the District of Wyoming, Ewing T. Kerr, J., 293 F.Supp. 381, denied the petition, and petitioner appealed. The United States Court of Appeals for the Tenth Circuit affirmed the denial, 416 F.2d 36, and petitioner sought certiorari. The Supreme Court, Mr. Justice Harlan, held that arresting officers did not have probable cause for warrantless arrest of defendant by virtue of state police bulletin which was issued pursuant to complaint of sheriff of another county and which was based on informer's tip and sheriff's conclusion that defendant and his companion committed breaking and entering; subsequent search of defendant's automobile and seizure of contraband therefrom were unlawful and violated defendant's rights under Fourth and Fourteenth Amendments.

Reversed and remanded with directions.

Mr. Justice Black, with whom Mr. Chief Justice Burger joined, dissented and filed opinion.

Mr. Justice Blackmun dissented and filed dissenting statement.

West Headnotes

[1] Criminal Law 110 ⚖===211(3)

110 Criminal Law
    110XII Pretrial Proceedings
        110k208 Preliminary Complaint or Affidavit
            110k211 Requisites and Sufficiency
                110k211(3) k. Information and belief. Most Cited Cases

Searches and Seizures 349 ⚖===113.1

349 Searches and Seizures
    349II Warrants
        349k113 Probable or Reasonable Cause
            349k113.1 k. In general. Most Cited Cases
(Formerly 349k113, 349k3.6(2))

Before warrant for either arrest or search can issue, judicial officer must be supplied with sufficient information to support independent judgment that probable cause exists for the warrant. U.S.C.A.Const. Amends. 4, 14.

[2] Criminal Law 110 ⚖===211(3)

110 Criminal Law
    110XII Pretrial Proceedings
        110k208 Preliminary Complaint or Affidavit
            110k211 Requisites and Sufficiency
                110k211(3) k. Information and belief. Most Cited Cases

Otherwise insufficient affidavit for arrest warrant cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but which he did not disclose to the issuing magistrate. U.S.C.A.Const. Amends. 4, 14.

[3] Criminal Law 110 ⚖===211(3)

110 Criminal Law
    110XII Pretrial Proceedings
        110k208 Preliminary Complaint or Affidavit
            110k211 Requisites and Sufficiency
                110k211(3) k. Information and belief. Most Cited Cases

Complaint signed by county sheriff which recited that defendant and another did then and there unlawfully break and enter particular locked and sealed building was not sufficient to support independent judgment of disinterested magistrate and was not sufficient showing of probable cause for issuance of arrest warrant. U.S.C.A.Const. Amends. 4, 14.

[4] Arrest 35 ⚖===63.4(1)

35 Arrest
    35III On Criminal Charges
        35k63 Officers and Assistants, Arrest Without Warrant
            35k63.4 Probable or Reasonable Cause
                35k63.4(1) k. Grounds for warrantless arrest in general. Most Cited Cases
(Formerly 35k63(4))

Searches and Seizures 349 ⚖===40.1

349 Searches and Seizures
    349I In General
        349k40 Probable Cause
            349k40.1 k. In general. Most Cited Cases
(Formerly 349k40, 349k3.3(2))

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

91 S.Ct. 1031
401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306, 58 O.O.2d 434
(Cite as: 401 U.S. 560, 91 S.Ct. 1031)

Standards applicable to factual basis supporting officer's probable cause assessment at time of challenged warrantless arrest and search are at least as stringent as the standards applied with respect to magistrate's assessment. U.S.C.A.Const. Amends. 4, 14.

[5] Searches and Seizures 349 €==82

349 Searches and Seizures
    349I In General
        349k80 Effect of Illegal Conduct; Trespass
            349k82 k. Curing illegality; justification by result. Most Cited Cases
        (Formerly 349k3.3(8))

Discoveries made during course of illegal search cannot be used to validate the probable cause judgment upon which the legality of the search depends. U.S.C.A.Const. Amends. 4, 14.

[6] Arrest 35 €==63.4(9)

35 Arrest
    35II On Criminal Charges
        35k63 Officers and Assistants, Arrest Without Warrant
            35k63.4 Probable or Reasonable Cause
                35k63.4(7) Information from Others
                    35k63.4(9) k. Corroboration. Most Cited Cases
        (Formerly 35k63(4))

Where initial impetus for an arrest is informer's tip, information gathered by arresting officers can be used to sustain finding of probable cause for an arrest that could not adequately be supported by the tip alone, but the additional information acquired by the arresting officers must in some sense be corroborative of the informer's tip that the arrestees committed the felony or were in process of committing the felony. U.S.C.A.Const. Amends. 4, 14.

[7] Arrest 35 €==63.4(11)

35 Arrest
    35II On Criminal Charges
        35k63 Officers and Assistants, Arrest Without Warrant
            35k63.4 Probable or Reasonable Cause
                35k63.4(7) Information from Others
                    35k63.4(11) k. Other officers or official information. Most Cited Cases

Arrest 35 €==71.1(7)

35 Arrest
    35II On Criminal Charges
        35k71.1 Search
            35k71.1(7) k. Bona fides and validity of arrest; practicability of procuring warrant. Most Cited Cases

Constitutional Law 92 €==4460

92 Constitutional Law
    92XXVII Due Process
        92XXVII(G) Particular Issues and Applications
            92XXVII(G)23 Search, Seizure, and Confiscation
                92k4460 k. In general. Most Cited Cases
        (Formerly 92k319.5(1), 92k319)

Searches and Seizures 349 €==60.1

349 Searches and Seizures
    349I In General
        349k60 Motor Vehicles
            349k60.1 k. In general. Most Cited Cases
        (Formerly 349k60, 349k7(12))

Arresting officers did not have probable cause for warrantless arrest of defendant by virtue of state police bulletin which was issued pursuant to complaint of sheriff of another county and which was based on informer's tip and sheriff's conclusion that defendant and his companion committed breaking and entering; subsequent search of defendant's automobile and seizure of contraband therefrom were unlawal and violated defendant's rights under Fourth and Fourteenth Amendments. U.S.C.A.Const. Amends. 4, 14.

[8] Arrest 35 €==65

35 Arrest
    35II On Criminal Charges
        35k65 k. Authority under warrant. Most Cited Cases

Police officers called on to aid other officers in executing arrest warrant are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support independent judicial assessment of probable cause but where the contrary turns out to be true, otherwise illegal arrest cannot be insulated from challenge by decision of instigating officers to rely on fellow officers to make the arrest. U.S.C.A.Const. Amends. 4, 14.

[9] Habeas Corpus 197 €==864(4)

197 Habeas Corpus
    197III Jurisdiction, Proceedings, and Relief
        197III(D) Review
            197III(D)3 Determination and Disposition
                197k862 Remand
                    197k864 Criminal Cases
                        197k864(4) k. Evidence and witnesses; arrest and search. Most Cited Cases
        (Formerly 197k113(13))

Where, notwithstanding state prisoner's constitutional challenge to his arrest at each stage of proceedings against him, warden of state penitentiary made no attempt to show that the magistrate who issued arrest warrant had more information

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw

103 S.Ct. 2317
462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, 54 USLW 2230
(Cite as: 462 U.S. 213, 103 S.Ct. 2317)

Page 1

▷

Supreme Court of the United States
ILLINOIS, Petitioner
v.
Lance GATES et ux.

No. 81–430.
Argued Oct. 13, 1982.
Reargued March 1, 1983.
Decided June 8, 1983.

Petition for certiorari was filed seeking review of a decision of the Illinois Supreme Court, 85 Ill.2d 376, 53 Ill.Dec. 218, 423 N.E.2d 887, which affirmed decision of lower state court, 82 Ill.App.3d 749, 38 Ill.Dec. 62, 403 N.E.2d 77, which upheld order granting motion suppressing evidence seized pursuant to a search warrant. The Supreme Court, Justice Rehnquist, held that: (1) rigid "two-pronged test" under *Aguilar* and *Spinelli* for determining whether an informant's tip establishes probable cause for issuance of a warrant would be abandoned and a "totality-of-the-circumstances" approach that traditionally has informed probable cause determinations would be substituted in its place, and (2) probable cause for warrant authorizing search of defendants' home and automobile was established by anonymous letter indicating that defendants were involved in activities in violation of state drug laws and predicting future criminal activities where major portions of the letter's predictions were corroborated by information provided to affiant by federal agents.

Reversed.

Justice White filed separate opinion concurring in the judgment.

Justice Brennan filed dissenting opinion in which Justice Marshall joined.

Justice Stevens filed dissenting opinion in which Justice Brennan joined.

West Headnotes

[1] Federal Courts 170B ⟶502

170B Federal Courts
170BVII Supreme Court
170BVII(E) Review of Decisions of State Courts
170Bk502 k. Federal question as essential to decisions. Most Cited Cases

If both of the requirements that a federal question has been

raised and decided in the state court below do not appear on the record, the appellate jurisdiction of the Supreme Court fails. U.S.C.A. Const.Amend. 4.

[2] Federal Courts 170B ⟶502

170B Federal Courts
170BVII Supreme Court
170BVII(E) Review of Decisions of State Courts
170Bk502 k. Federal question as essential to decisions. Most Cited Cases

In the application of the "not pressed or passed on below" rule, there is no reason to treat the state's failure to have challenged and asserted federal claim differently from the failure of the proponent of a federal claim to have raised that claim. 28 U.S.C.A. § 1257.

[3] Federal Courts 170B ⟶511.1

170B Federal Courts
170BVII Supreme Court
170BVII(E) Review of Decisions of State Courts
170Bk511 Scope and Extent of Review
170Bk511.1 k. In general. Most Cited Cases
(Formerly 170Bk511)

Due regard for the appropriate relationship of the Supreme Court to state courts demands that state courts be given an opportunity to consider constitutionality of acts of state officials, and, equally important, proposed changes in existing remedies for unconstitutional actions before the Supreme Court will consider them. 28 U.S.C.A. § 1257.

[4] Federal Courts 170B ⟶511.1

170B Federal Courts
170BVII Supreme Court
170BVII(E) Review of Decisions of State Courts
170Bk511 Scope and Extent of Review
170Bk511.1 k. In general. Most Cited Cases
(Formerly 170Bk511)

Supreme Court would not decide the issue of whether the exclusionary rule should be modified, even though the Supreme Court in its order granting certiorari directed that the issue be briefed, where the issue of the exclusionary rule modification was not pressed or passed upon in the state courts. U.S.C.A. Const.Amend. 4; 28 U.S.C.A. § 1257.

[5] Federal Courts 170B ⟶511.1

170B Federal Courts
170BVII Supreme Court

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works

103 S.Ct. 2317
462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, 54 USLW 2230
(Cite as: 462 U.S. 213, 103 S.Ct. 2317)

170BVII(E) Review of Decisions of State Courts
 170Bk511 Scope and Extent of Review
  170Bk511.1 k. In general. Most Cited Cases
(Formerly 170Bk511)

 Fact that the Illinois courts affirmatively applied the federal exclusionary rule by suppressing evidence in prosecution for violating state drug laws did not alter Supreme Court's decision to not consider issue of modification of the exclusionary rule when the issue was not pressed or passed on below. U.S.C.A. Const.Amend. 4; 28 U.S.C.A. § 1257.

**[6] Federal Courts 170B ☞508**

170B Federal Courts
 170BVII Supreme Court
  170BVII(E) Review of Decisions of State Courts
   170Bk508 k. Time and manner of raising federal question in state court. Most Cited Cases

 State's repeated opposition to defendant's substantive Fourth Amendment claims in drug prosecution did not suffice to have raised the question whether the exclusionary rule should be modified so that the Supreme Court might decide the issue since the exclusionary rule is a judicially created remedy and not a personal constitutional right of the party aggrieved. U.S.C.A. Const.Amend. 4; 28 U.S.C.A. § 1257.

**[7] Federal Courts 170B ☞445**

170B Federal Courts
 170BVII Supreme Court
  170BVII(A) In General
   170Bk445 k. Appellate jurisdiction and procedure in general. Most Cited Cases

 Where difficult issues of great public importance are involved, there are strong reasons for the Supreme Court to adhere scrupulously to the customary limitations on its discretion since by doing so the court promotes respect for its adjudicatory process and the stability of its decisions. 28 U.S.C.A. § 1257.

**[8] Searches and Seizures 349 ☞117**

349 Searches and Seizures
 349II Warrants
  349k115 Competency of Information; Hearsay
  349k117 k. Reliability or credibility; corroboration. Most Cited Cases
(Formerly 349k3.6(3))

 Rigid "two-pronged test" under *Aguilar* and *Spinelli* for determining whether an informant's tip establishes probable-cause for issuance of a warrant would be abandoned and a "totality-of-the-circumstances" approach that traditionally has informed probable-cause determinations would be substituted in its place. U.S.C.A. Const.Amend. 4.

**[9] Searches and Seizures 349 ☞113.1**

349 Searches and Seizures
 349II Warrants
  349k113 Probable or Reasonable Cause
  349k113.1 k. In general. Most Cited Cases
(Formerly 349k113, 349k3.6(2))

 An affidavit must provide the magistrate with a substantial basis for determining the existence of probable-cause for issuance of search warrant. U.S.C.A. Const.Amend. 4.

**[10] Searches and Seizures 349 ☞113.1**

349 Searches and Seizures
 349II Warrants
  349k113 Probable or Reasonable Cause
  349k113.1 k. In general. Most Cited Cases
(Formerly 349k113, 349k3.6(2))

 Sufficient information must be presented to the magistrate to allow that official to determine probable-cause for issuance of search warrant; his action cannot be a mere ratification of the bare conclusions of others. U.S.C.A. Const.Amend. 4.

**[11] Searches and Seizures 349 ☞200**

349 Searches and Seizures
 349VI Judicial Review or Determination
  349k200 k. Scope of inquiry or review, in general. Most Cited Cases
(Formerly 349k3.9)

 In order to insure that an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued. U.S.C.A. Const.Amend. 4.

**[12] Controlled Substances 96H ☞146**

96H Controlled Substances
 96HIV Searches and Seizures
  96HIV(C) Search Under Warrant
   96Hk144 Affidavits, Complaints, and Evidence for Issuance of Warrants
    96Hk146 k. Probable cause in general. Most Cited Cases
(Formerly 138k188(2), 138k188 Drugs and Narcotics)

 Probable-cause for warrant authorizing search of defendants' home and automobile was established by anonymous letter indicating that defendants were involved in activities in violation of state drug laws and predicting future criminal activities where major portions of the letter's predictions were corroborated by information provided to affiant by federal

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

# MARICOPA COUNTY SHERIFF'S OFFICE

# <u>CERTIFICATION</u>

I hereby certify that on this date _____ **November 19, 2018** _____

I mailed the original and one (1) copy to the Clerk of the United States District Court, District of Arizona.

I further certify that copies of the original have been forwarded to:

√  Hon _____ United States District Court, District of Arizona.

___  Hon _____ United States District Court, District of Arizona.

___  Attorney General, State of Arizona, _____

___  Judge _____ Superior Court, Maricopa County, State of Arizona.

**X**  County Attorney, Maricopa County, State of Arizona   **MAXINE MAK / CHRISTINE STUTZ** _____

___  Public Defender, Maricopa County, State of Arizona _____

___  Attorney _____

___  Other _____

___  _____

___  _____

_____   B3638
Legal Support Specialist Signature   S/N

INMATE LEGAL SERVICES
Maricopa County Sheriff's Office
3250 W. Lower Buckeye Rd.
Phoenix, AZ 85009